## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WILLIAM ARTHUR VANWYCK,

        Plaintiff,

v.                                                             Case No. 11-11464
                                                                  Honorable Denise Page Hood

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

                                                /

## ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING THIS MATTER BACK TO THE ADMINISTRATIVE LEVEL FOR FURTHER PROCEEDINGS

Now before the Court is Magistrate Judge R. Steven Whalen's Report and Recommendation, filed May 9, 2012. The Magistrate Judge recommends that the Commissioner's Motion for Summary Judgment is denied and the case is remanded back to the administrative level for further proceedings, pursuant to sentence four or 42 U.S.C. § 405(g). The Commissioner filed an objection, to which Michael Vanwyck responded. For the reasons stated below, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation and GRANTS IN PART Vanwyck's Motion to the extent this matter is REMANDED back to the administrative level for further proceedings.

When examining a Magistrate's Report and Recommendation, 28 U.S.C. § 636 governs the standard of review. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28

U.S.C. § 636(b)(1). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Judicial review of the Commissioner's decision is limited to determining whether the findings of fact made by the Commissioner are supported by substantial evidence and whether the Commissioner used the proper legal criteria in reaching the conclusion. *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Sec. of Health and Human Serv.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review, resolve conflicts in the evidence, or decide issues of credibility. *Garner*, 745 F.2d at 787. Therefore, the administrative law judge's (ALJ) credibility findings should not be discarded lightly and must be accorded great deference. *Hardaway v. Sec. of Health and Human Serv.*, 823 F.2d 922, 928 (6th Cir. 1987). A finding of substantial evidence must be based on the record as a whole. *Gardner*, 754 F.2d at 388. The Commissioner's decision must be upheld if it is supported by substantial evidence even if the record might support a contrary decision. *Smith v. Sec. of Health and Human Serv.*, 893 F.2d 106, 108 (6th Cir. 1989). The decision must be affirmed even if the Court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler,* 730 F.2d 1147, 1150 (8th Cir. 1984)).

The Court is satisfied that the Magistrate Judge provided an adequate and thorough review of the facts and accepts and adopts them as this Court's findings of fact. The Magistrate Judge found that the ALJ failed to account for Vanwyck's moderate deficiencies in concentration, persistence, and pace (CPP) in the hypothetical question to the vocational expert

(VE) and concluded that this error was grounds for remand at the administrative level for further proceedings.

The Commissioner contends that the state agency psychiatrist's opinion that Vanwyck could do simple work was substantial evidence to support the ALJ's residual functional capacity finding.  The Commissioner noted that the Magistrate Judge's findings were against the weight of the case law.  He further asserts that the circumstances that were present in the cases where remand was appropriate—the ALJ relying on information that was not made available to the VE—are not present in this case.  *See Hicks v. Commissioner of Social Security*, No. 10-13643, 2011 WL 6000714 (E.D. Mich. Aug. 30, 2011); *Badour v. Commissioner of Social Security*, No. 10-13280, 2011 WL 3320872 (E.D. Mich. July 18, 2011); *Benton v. Commissioner of Social Security*, 511 F.Supp.2d 842 (E.D. Mich. 2007).

However, the ALJ failed to account for Vanwyck's inability to perform work with quota requirements.  He could not have properly relied on the opinion of Dr. Ashok Kaul because Dr. Kaul opined that Vanwyck was moderately limited in his ability to maintain attention and concentration for extend periods of time.  Such a limitation is remarkable in light of the fact that two out of the three jobs that the VE concluded that Vanwyck could do—packer and assembler—would require an ability to maintain attention and concentration for an extended period of time.

The Commissioner argues that even if the jobs of packer and assembler were eliminated, there would still be a significant number of jobs because the VE also concluded that there were 4,500 inspector jobs that Vanwyck could perform.  The Commissioner assumes that if the additional limitations were included the number of inspector jobs available would remain the same. The Court will not make that assumption.

For the reasons stated in the Magistrate Judge's Report and Recommendation,

**IT IS ORDERED** that the Magistrate Judge R. Steven Whalen's Report and Recommendation **[Docket No. 14, filed May 9, 2012]** is **ADOPTED** and **ACCEPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Docket No. 8, filed September 6, 2011]** is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment **[Docket No. 13, filed December 2, 2011]** is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** back to the administrative level for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 28, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager